**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RONNY DORSEY,<br><br>            **Plaintiff,**<br><br>v.<br><br>JANE DOE #1, Sous Chef of Atlanta Grill, Ritz Carlton, Atlanta, a/k/a Chef Katrina, et al.,<br><br>            **Defendants.** | 1:16-cv-1966-WSD |

**OPINION AND ORDER**

This matter is before the Court on the required frivolity review of Plaintiff Ronny Dorsey's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   BACKGROUND**

On June 16, 2016, Magistrate Judge Justin S. Anand forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In his Complaint, Plaintiff alleges Defendants, who are employees of Ritz Carlton Atlanta, made "repeatedly false complaints to plaintiff and defendants . . . causing plaintiff humiliation and mental duress," and these false complaints allegedly led to Plaintiff's "wrongful termination."  (Compl. at 10).

Plaintiff alleges Jane Doe #4 is a "Female of Puerto Rican Ethnicity." (Id. at 12). Plaintiff does not allege his race or ethnicity, and does not allege Defendants discriminated against him on the basis of any protected characteristic. Plaintiff alleges the Court has federal question jurisdiction over this action, and seeks damages for defamation and "wrongful termination of employment." (Id. at 4).

## II.  DISCUSSION

### A.  Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se*

complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.   Analysis

Plaintiff's Complaint is required to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), because it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll, 984 F.2d at 393 (internal quotation marks omitted). Plaintiff does not allege he was engaged in any protected labor activity, that he was a member of any protected class, or that he was terminated or retaliated against on the basis of any of the foregoing. "Pursuant to O.C.G.A. § 34-7-1, an at-will employee generally may be terminated for any reason . . ." Reilly v. Alcan Aluminum Corp., 528 S.E.2d 238, 239 (Ga. 2000).

Plaintiff's Complaint thus fails to state a federal claim upon which relief may be granted, and upon which the Court could have federal question jurisdiction. Plaintiff does not allege—and it does not appear—that the parties are diverse, and the Court does not have diversity jurisdiction over this matter. If the Court allowed Plaintiff's state law defamation claim to proceed, the Court would lack jurisdiction

over the claim.  Even if the Court had jurisdiction over the defamation claim, the claim is indisputably meritless.  Under Georgia law, the elements of a defamation claim are:  "(1) a false and defamatory statement about [plaintiff]; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special damages or defamatory words injurious on their face."  See Lewis v. Meredith Corp., 667 S.E.2d 716, 718-19 (Ga. Ct. App. 2008) (internal quotation marks omitted).  The failure to identify a specific defamatory statement made by a defendant requires that a claim for defamation be dismissed.  Id.; see also Jenkins v. BAC Home Loan Servicing, LP, 822 F. Supp. 2d 1369, 1379 (M.D. Ga. 2011) (applying Georgia law to dismiss defamation claim because plaintiff's general allegations did not reveal details about the specific statements that were allegedly made).  Plaintiff does not identify any specific defamatory statement made by any defendant.  Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), including because the Court does not have subject matter jurisdiction over this matter.

**SO ORDERED** this 24th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE